UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NATAE ADAMS,

       Plaintiff,

     -against-                                           COMPLAINT AND
                                                                               DEMAND FOR JURY TRIAL

THE CITY OF NEW YORK, NEW YORK CITY
POLICE OFFICER FRANCISCO GARCIA
(Shield #19234), NEW YORK CITY POLICE
OFFICER ARTURO ARJONA (Shield #11313)
 Individually and in Their Official Capacities,

       Defendants.

------------------------------------------------------------------------X

     Plaintiff NATAE ADAMS by her attorney, Geoffrey S. Stewart, complaining of the defendants, based upon information and belief, respectfully alleges as follows:

## PRELIMINARY STATEMENT

     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants The City Of New York, POLICE OFFICER FRANCISCO GARCIA (Shield #19234), NEW YORK CITY POLICE OFFICER ARTURO ARJONA (Shield #11313) as Officers of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

     1.     This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

     2.     Jurisdiction is invoked herein pursuant to the aforementioned statutory and

constitutional provisions, and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of NATAE ADAMS' constitutional and civil rights.

3. Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims and causes of action that derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of her claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. At all times relevant hereto, Plaintiff was and is a resident of Queens County, New York.

7. At all times relevant hereto, Defendant the City of New York ("City") was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8. At all times relevant to this action, Defendants POLICE OFFICER FRANCISCO GARCIA (Shield #19234), NEW YORK CITY POLICE OFFICER ARTURO ARJONA (Shield #11313) were and are police officers employed by the New York City Police Department ("NYPD") and acting under color of state law, (collectively, with Defendant City, "Defendants").

9. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the Defendant City and its NYPD, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as

2

employees, servants, agents and police officers.

10. Defendant City was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

### FACTS

11. This action stems from an unlawful arrest, use of excessive force and malicious prosecution of Plaintiff Natae Adams, which was undertaken in the absence of reasonable suspicion or probable cause to believe that she had committed any crime and in retaliation for her attempt to peacefully obtain Police Officer Garcia's badge number after he insulted her dignity by way of ridiculing her sexual orientation.

12. On the night of October 23, 2013, at approximately 9 pm Plaintiff, an African-American female, approximately 5' 1" tall and 120lbs, was present at a fast food establishment on 125th Street, across from 55 Lasalle Street, in New York County.

13. At that time and place Plaintiff was having an emotional discussion with her then female partner. The Plaintiff and her partner did enter and exit the establishment during this discussion. At one point when Plaintiff was inside and her partner was outside defendant police officers FRANCISCO GARCIA (Shield #19234), and ARTURO ARJONA (Shield #11313) arrived at the food establishment ostensibly to order and/or consume food. One of the defendant officers inquired of Plaintiff's partner if everything was ok while glaring at Plaintiff.

14. Plaintiff and her partner, now inside the food establishment continued their discussion in close proximity to the two defendant police officers. Plaintiff rose from where she was seated and moved towards a beverage refrigerator when defendant Officer Garcia stated words to the effect that Plaintiff should not treat her partner in "that way". Plaintiff told defendant Officer Garcia that it was none of his concern, that he was not to involve himself in her conversation with her partner and that

Plaintiff had no interest in conversing with him.

15. Defendant Officer Garcia then stated: "Well if you want to dress like a man then I'm going to treat you like a man." This comment was based upon the macsuline type of clothing that Plaintiff was wearing at the time. Plaintiff, deeply insulted and flabbergasted, went to her bookbag and retrieved a small notepad and pen and approached Defendant Officer Garcia and asked for his badge number to which he physically pushed Plaintiff out of the way as he walked out of the establishment, stating, "Take a fucking picture of it, fucking dyke!"

16. Plaintiff followed Defendant Officer Garcia outside and repeated her request for his badge number and tried to get into a position where she could see and record the numbers. As she came within a foot or two of Defendant Officer Garcia he became violent and grabbed Plaintiff and threw her against a metal gate. Plaintiff felt pain through her torso and back. He then threw her onto the pavement and handcuffed her all the while she was complaining that he was hurting her.

17. Plaintiff was arrested and transported to a police building where she was detained, searched, fingerprinted and photographed. She was then transported to New York City Criminal Court in custody. Defendant Police Officer Arturo Arajona who was present during the entire incident swore out a misdemeanor complaint which charged Plaintiff with Harassment in violation of New York Penal Law § 240.26 a violation, and Resisting Arrest, in violation of New York Penal Law §205.30 a Class A Misdemeanor.

18. Specifically, Defendant Arajona falsely stated in the complaint that he observed Plaintiff shove her elbow into the chest of Defendant officer Garcia and that after he instructed her not to touch Defendant Officer Garcia, she did in fact touch him. Defendant Officer Arajona also falsely stated that Plaintiff waved her arms up and down while he was attempting to arrest her.

19. After approximately 18 hours incustody on October 24, 2013 Plaintiff was arraigned in Criminal Court under Docket No. 2013NY081017 on the two count complaint and was released on her

own reognizance.  She then made 20 court appearances defending against these false accusations.

20. On May 23, 2016 Plaintiff was granted an Adjournment in Contemplation of Dismissal.

**FIRST CLAIM FOR RELIEF:
DEPRIVATION OF FEDERAL CIVIL RIGHTS**

21. Plaintiff Natae Adams repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

22. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

23. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities by the United States by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and which are actionable under 42 U.S.C. § 1983.

24. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the actual and/or apparent authority attendant thereto.

25. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant City and the NYPD, all under the supervision of ranking officers of said department.

26. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of Defendant City, which is forbidden by the Constitution of the United States.

27. By these actions, these Defendants have deprived Ms. Adams of rights secured by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF:
### FALSE ARREST UNDER 42 U.S.C. § 1983

28. Plaintiff Natae Adams repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

29. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

30. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for her safety and subjected to handcuffing and other physical restraints, without probable cause.

31. Defendant officers acted with malice and intent to do harm to Plaintiff without excuse or justification.

32. As a result of his false arrest, Plaintiff was subjected to and continues to experience humiliation, ridicule, and disgrace before his family and peers, confinement, economic and pecuniary loss, pain and suffering, embarrassment and emotional distress. Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of the community.

## THIRD CLAIM FOR RELIEF:
### EQUAL PROTECTION

33. Plaintiff Natae Adams repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference as if fully stated herein.

34. Defendants unlawfully singled out Plaintiff and violated her First, Fourth, Fifth, Sixth and Fourteenth Amendments, in part because of her race, gender, sexual orientation and because she was exercising her constitutional rights under the First, Fifth and Fourteenth Amendments to the Constitution of the United States.

35. Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

36. As a result of Defendants' unlawful acts, Plaintiff was subjected to and continues to experience humiliation, ridicule, and disgrace before her family and peers, confinement, economic and pecuniary loss, pain and suffering, embarrassment and emotional distress.  Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of the community.

## FOURTH CLAIM FOR RELIEF:
## FIRST AMENDMENT RETALIATION

37. Plaintiff Natae Adams repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference as if fully stated herein.

38. Plaintiff's interest in, *inter alia*, protesting constitutional violations of their person and requesting reasons why they were being questioned and detained is protected by the First Amendment.

39. Defendants retaliated against Plaintiff's expression of protected speech by, *inter alia*, physically throwing Plaintiff against a gate and falsely arresting against Plaintiff.

40. Defendants' retaliatory actions changed Plaintiff's behavior and resulted in chilling of their exercise of protected speech.

41. As a result of Defendants' aforementioned conduct, Plaintiff was subjected to, *inter alia*, curtailment and suppression of his protected speech in violation of their constitutional rights.

## FIFTH CLAIM FOR RELIEF
## FAILURE TO INTERVENE

42. Plaintiff Natae Adams repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference as if fully stated herein.

43. Those Defendants that were present during the time when Plaintiff's constitutional rights were violated, but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct

and failed to intervene.

44. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth, Sixth, and Fourteenth Amendments.

45. As a direct and proximate result of this unlawful conduct, Plaintiff was subjected to humiliation, ridicule, and disgrace before her family and peers, confinement, pain and suffering, embarrassment and emotional distress.

### SIXTH CLAIM FOR RELIEF: <br> MUNICIPAL LIABILITY

46. Plaintiff Natae Adams repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

47. Defendants falsely arrested Plaintiff despite a complete lack of reasonable suspicion and probable cause against her, notwithstanding their knowledge that such actions would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

48. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers and officials, with the entire actual and/or apparent authority attendant thereto.

49. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of Defendant CITY and its agencies, including the NYPD, all under the supervision of ranking officers of said department.

50. The aforementioned customs, policies, usages, practices, procedures and Defendant CITY include detaining and prosecuting minority females without reasonable suspicion or having probable cause as to each individual and without evidence of each individual's criminal activity, arresting persons known to be innocent in order to meet "productivity goals", falsely swearing out

criminal complaints and/or lying and committing perjury during sworn testimony to protect other officers and meet productivity goals;

51. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

52. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

53. Defendant City, as municipal policymaker in the training and supervision of Defendants POLICE OFFICER FRANCISCO GARCIA (Shield #19234), NEW YORK CITY POLICE OFFICER ARTURO ARJONA (Shield #11313) has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their rights First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 and the Constitution and laws of the State of New York.

54. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

a. Not to be deprived of liberty without due process of law;

b. To be free from seizure and arrest not based upon probable cause;

c. To be free from unlawful imprisonment;

d. To be free from infliction of emotional distress; and

e. To receive equal protection under the law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:  New York, New York
        October 21, 2016

                                Respectfully submitted,

                                _____/S/_____
                                Geoffrey S. Stewart, Esq.
                                *Attorneys for Plaintiff*
                                139 Fulton Street, Suite 508
                                New York, NY 100038
                                (212) 625-9696 (telephone)
                                (718) 374-6094 (facsimile)
                                gstewart.defender@gmail.com